**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                        )
RICKY N. EAVES,                         )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
THE CITY OF WORCESTER,                  )   CIVIL ACTION
WORCESTER CITY MANAGER MICHAEL          )   NO. 12-10336-TSH
V. O'BRIEN, WORCESTER CHIEF OF          )
POLICE GARY J. GEMME, JESUS             )
CANDELARIA, and THOMAS C. DUFFY         )
            Defendants.                 )
_____ )
```

**ORDER ON: THOMAS C. DUFFY'S MOTION TO STRIKE SUBMISSIONS FILED BY CITY OF WORCESTER LAW DEPARTMENT (Docket No. 9); THOMAS C. DUFFY'S MOTION TO DISQUALIFY CITY OF WORCESTER LAW DEPARTMENT (Docket No. 12); and CROSS-MOTIONS TO DISQUALIFY PETER DUFFY AS COUNSEL AND TO STRIKE SUBMISSIONS FILED BY ATTORNEY DUFFY (Docket No. 16)**
**December 11, 2012**

**HILLMAN, D.J.**

### Background

Plaintiff Ricky Eaves ("Eaves") filed suit against the City of Worcester ("City"), Worcester City Manager, Michael V. O'Brien ("City Manager O'Brien"), Worcester Police Chief Gary Gemme ("Chief Gemme"), and Worcester Police Officers Jesus Candelaria ("Officer Candelaria") and Thomas C. Duffy ("Officer Duffy"), alleging federal claims for violations of 42 U.S.C. § 1983. Eaves has also alleged state law claims against one or more of the Defendants

under the Massachusetts Tort Claims Act, Mass. Gen. Law ch. 258, §1, *et seq.* ("Tort Claims Act") for false arrest and malicious prosecution.

Eaves is suing City Manager O'Brien, Chief Gemme and Officers Candelaria and Duffy in both their official and individual capacities. He seeks compensatory and punitive damages against the individual Defendants.

On May 7, 2012, the City of Worcester Law Department ("Law Department") filed a motion to dismiss on behalf of all Defendants, thus effectively entering an appearance on behalf all Defendants, including Officer Duffy. *See Defendants' Mot. To Dismiss* (Docket No. 4). On May 8, 2012, Attorney Peter Duffy ("Attorney Duffy") filed a separate motion to dismiss on Officer Duffy's behalf, thus entering his appearance on behalf of Officer Duffy. *See Motion To Dismiss Of Def. Thomas C. Duffy* (Docket No. 7).[1]

On May 11, 2012, Attorney Duffy filed a motion to disqualify the Law Department from representing the City, Chief Gemme and City Manager O'Brien. Simultaneously therewith, Officer Duffy filed a motion to strike all submissions filed by the Law Department on his behalf. *See Thomas C. Duffy's Mot. To Strike Submissions Filed By City Of Worcester Law Dep't* (Docket No. 9); *Thomas C. Duffy's Mot. To Disqualify City Of Worcester Law Dep't* (Docket No. 12). The City has filed cross-motions to disqualify Attorney Duffy from representing Officer Duffy and

---

[1] Pursuant to this Court's Local Rules, while the filing of the complaint constitutes an appearance by the attorney who signs it, "[a]ll other appearances in a case *shall* be made by filing a notice of appearance containing the docket number of the case, name, address and telephone number of the person entering an appearance ... ." LR, D.Mass. 83.5.2 (emphasis added). However, with the advent of electronic filing, attorneys regularly neglect to file a separate notice of appearance as required by Local Rule 83.5.2. Instead, they are added as attorneys of record upon filing a pleading. In this case, the only defense counsel to file a separate notice of appearance were attorney Loughlin (who has since terminated her appearance) and City Solicitor David M. Moore. Attorneys Quinn (on behalf of the Law Department) and Duffy became attorneys of record upon the filing of their respective motions to dismiss. In the future, counsel should be mindful of the circumstances under which Local Rule 83.5.2 requires the filing of a separate notice of appearance.

to strike Officer Duffy's motion to dismiss. The Court will first address the cross-motions to disqualify.

## Discussion

### *The Events Giving Rise To The Suit*

On February 25, 2009, Eaves was arrested for narcotics related offenses after a stop initiated by Officer Candelaria at a local gas station. Officer Duffy was involved in the search of the vehicle in which Eaves was a passenger and in his arrest. The vehicle stop and arrest were captured on the gas station's surveillance camera. The police report authored by Officer Candelaria was inconsistent with what appears on the surveillance videotape.

At a pre-trial hearing on Eaves's motion to suppress evidence, Officer Duffy testified that he had found crack cocaine on Eaves and had seen Eaves fiddling with a cocaine wrapper while seated in the passenger seat of the vehicle. Officer Duffy also testified that he had not seen the security camera videotape, but he had talked to fellow officers who had seen it, including Officer Candelaria. Officer Duffy said that he had not discussed the video in detail with Officer Candelaria, but that Officer Candelaria had told him that there were inconsistencies between his (Officer Candelaria's) report and what was on the video.

On the day of the hearing, the Commonwealth dropped the charges against Eaves. Eaves and an assistant district attorney co-signed an entry of nolle prosequi. As the result of the aforementioned inconsistencies, reports of possible police misconduct were reported to the police liaison for the District Attorney's Office, the court and the Worcester Police Department.

Chief Gemme received copies of Officer Candelaria's police report and the security videotape from the gas station and Officer Duffy has submitted a report to Chief Gemme as part

of an internal investigation of Eaves's arrest. Chief Gemme has taken no disciplinary action against Officers Duffy and Candelaria.

### *Standard of Review*

The district court has the duty and responsibility of supervising the attorneys who appear before it. *Kevlik v. Goldstein*, 724 F.2d 844, 847 (1st Cir. 1984); *Moss v. TACC Int'l Corp.*, 776 F. Supp. 622, 623 (D. Mass 1991). This responsibility includes the inherent authority to disqualify counsel. *Morisette v. Blodgett & Blodgett, P.C.,* No. 91-40001-GN, 1993 WL 36097 at *1 (D. Mass. February 8, 1993); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("[t]he disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court"), (abrogated on other grounds as recognized in *In re Hunter*, 66 F.3d 1002, 1005–06 (9th Cir. 1995)).

"[D]isqualification motions can be tactical in nature, designed to harass opposing counsel, and ... 'the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons.' " *Kevlik*, 724 F.2d at 848 (quoting Model Rules of Prof'l Conduct, Preamble ¶ 20 (2002)). Accordingly, courts should be wary that "the Canons of Ethics are not brandished for tactical advantage." *Inverness Med. Switz. GMBH v. ACON Labs. Inc.*, No. Civ.A. 03-11323-PBS, 2005 WL 1491233, at *4 (D. Mass. June 23, 2005) (quoting *Serody v. Serody*, 474 N.E.2d 1171, 1174 (Mass. App. Ct. 1985)).

In general, courts disfavor motions to disqualify. *See Polyagro Plastics, Inc. v. Cincinnati Milacron. Inc.*, 903 F. Supp 253, 256 (D.P.R 1995); *see also Elonex I.P. Holdings v. Apple Computers, Inc.*, 142 F. Supp.2d 579, 581 (D. Del. 2001) (citing *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa.1994)). Such motions must be considered in light of the principle that

"'court[s] should not lightly interrupt the relationship between lawyer and client,' " *Adrion v. Knight*, 2008 WL 5111084 (D.Mass. Dec. 4, 2008)(quoting *Adoption of Erica*, 426 Mass 55, 58 (1997)), and "[u]nless the underlying judicial process will be tainted by an attorney's conduct, courts should be reluctant to grant disqualification motions." *Gray v. R.I. Dep't. of Children, Youth and Families*, 937 F.Supp. 153, 156 (D.R.I. 1996).

The movant bears the burden of proving a conflict . *Polyagro Plastics,* 903 F.Supp at 256; *Estrada v. Cabrera*, 632 F.Supp. 1174, 1175 (D.P.R.1986); *see also Elonex I.P. Holdings*, 142 F.Supp.2d at 581 (citing *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa.1994)); *ebix.com v. McCracken*, 312 F.Supp. 2d 82, 90 (D.Mass. 2004) (internal citations omitted). Furthermore, "[d]isqualification questions are intensely fact-specific, and it is essential to approach such problems with a keen sense of practicality as well as a precise picture of the underlying facts." *Wyeth v. Abbott Labs.*, 692 F.Supp.2d 453, 457 (D.N.J. 2010) (quoting *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F. Supp.1121, 1124 (N.D.Ohio 1990)); *Coke v. Equity Residential Prop. Trust*, 800 N.E.2d 280, 284 (Mass. 2003). Thus, "every disqualification motion, especially one involving a governmental entity, requires analysis tailored to the specific ethical dilemma presented by the circumstances." *Gray v. Rhode Island Dep't Of Children and Families*, 937 F.Supp. 153,158 (D.R.I. 1996).

### *The Basis Of Officer Duffy's Motion To Disqualify*[2]

The Tort Claims Act provides, in relevant part, that "[t]he public attorney shall defend all civil actions brought against a public employer or employee of the commonwealth pursuant to

---

[2] It should be noted that Officer Duffy has not sought to disqualify the Law Department from representing Office Candeleria.

[Chapter 258]." Mass. Gen. Laws ch. 258, § 6. The parties do not dispute that Eave's action against the Defendants is brought, at least in part, pursuant to Chapter 258. Accordingly, the Law Department has undertaken to represent all Defendants in this action. At the same time, "[i]f, in the opinion of the public attorney, representation of the public employee under [Chapter 258] would result in a conflict of interest, the public attorney shall not be required to represent the public employee." *Id.*

The question presented by Officer Duffy's motion is whether the City is compelled to hire independent counsel at its expense to represent its interests and the interests of Chief Gemme and City Manager O'Brien because the Law Department is legally disqualified as the result of an actual or potential conflict of interest created by legal proceedings in which the Law Department has either represented or opposed him.[3] Specifically, Officer Duffy seeks to disqualify the Law Department on the grounds that it has an inherent conflict of interest due to: (1) its dual representation of the City and these individual Defendants because the City's defense and the defense of one more of such Defendants *may* be adverse to him; (2) its prior representation of him in matters referenced in the Amended Complaint creates an inherent conflict of interest because Officer Duffy communicated about those matters with members of the Law Department who are involved in this case; and (3) the Law Department's representation of the City in connection with a discrimination suit recently filed against the City by Officer Duffy.

In support of his motion, Officer Duffy has cited to the Massachusetts Rules of Professional Conduct, specifically Rules 1.7 (governing conflict of interest generally), 1.9

---

[3] Officer Duffy is not taking the position that these Defendants are each required to be represented by independent attorneys, rather that the Law Department cannot represent any of them.

(concerning former representation of the same client), 1.4 (detailing the duty to keep a client reasonably informed), 1.16(a)(3) (requiring a lawyer to withdraw when discharged) and 1.13 (calling for zealous representation of a client). Furthermore, to the extent that the Massachusetts Rules of Professional Conduct require that Officer Duffy consent to the Law Department's representation of the City, City Manager O'Brien and/or Chief Gemme, Officer Duffy has made it clear that he has not and will not consent thereto.[4] None of the other Defendants have objected to joint representation. I will now address whether any of the circumstances cited by Officer Duffy creates a conflict which requires the Law Department's disqualification.

### The Law Department's Prior Representation of Officer Duffy

Rule 1.9 states, in pertinent part:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person *in the same or a substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

Mass. R. Prof. C. 1.9 (emphasis added). "[T]he spirit of Rule 1.9 is that a law firm retains a limited duty of loyalty to a former client—it may not use a former client's confidential information against that client, and should not represent a new client in any matter where the former client reasonably should fear that its earlier confidences will be misused.". *See Nat'l Med. Care v. Home Med. of Am., Inc.*, No. 00–1225, 2002 WL 31068413, *8 (Mass. Super. Sept. 12, 2002). *See also Bays v. Theran*, 691, 639 N.E.2d 720 (Mass. 1994) (prohibition of successive representation arises from "the attorney's duty . . . to preserve his client's confidences and secrets"); Mass. R.

---

[4] The Massachusetts Rules of Professional Conduct apply in this Court. *See* L.R., D.Mass. 83.6(4)(B)(incorporating by reference "those canons and rules adopted by the Supreme Judicial Court of Massachusetts, embodied in Rules 3:05, 3:07 and 3:08 of said court, ..."); *see also ebix.com*, 312 F.Supp.2d at 88-89.

Prof. C. 1.9 cmt. 6 ("[p]reserving confidentiality is a question of access to information". However, successive successive representation is not *per se* prohibited.

In order for the Court to find that "an impermissible conflict exists between a former and current client: (1) 'the current representation must be "adverse" to the interests of the former client'; and (2) 'the matters of the two representations must be "substantially related." ' " *ebix.com, Inc.*, 312 F.Supp.2d at 89 (quoting *In re Adoption of Erica*, 426 Mass. at 61). "'[T]he primary purpose of the "substantially related" test is to preserve client confidences by avoiding an "intolerably strong temptation" to betray them, the assessment of whether matters are "substantially related" must focus on whether the overlap or similarity between the two matters would potentially give rise to such a "temptation."' This turns on whether it is 'reasonable to assume that confidential information would have been given to the attorney in the first matter that would be helpful to the adverse client in the second matter.' " *Id.* (Internal citations and citations to quoted cases omitted).

Officer Duffy asserts that Law Department must be disqualified because it formerly represented him in three matters referenced in the Amended Complaint and therefore, this case is, *a fortiori*, substantially related to those matters. Furthermore, he suggests that he must have communicated confidential information regarding those matters to attorneys for the Law Department who have filed an appearance on behalf of Chief Gemme, the City and City Manager O'Brien in this case.

Whatever Plaintiff's motivation in referencing the prior matters in his Amended Complaint, such reference in and of itself is not sufficient to establish that those matters are factually and legally related to this case. Since Officer Duffy has failed to proffer any further

specifics regarding those matters, he has failed to satisfy his burden of establishing they are substantially related to this matter. *Accord Alere, Inc.*, 2012 WL 1098420 at *3 (citing *Robinson v. Bodoff*, 382 F. Supp. 2d 229, 232–233 (D. Mass. 2005)("[w]here two matters are factually and legally distinct, courts will not find substantial relation.") ; *Nat'l Med. Care, Inc. v. Home Med. of Am., Inc.*, No. 00–1225, 2002 WL 31068413, *7 (Mass. Super. Ct. Sept.12, 2002)).

As to Officer Duffy's contention that the Law Department has in the past and continues to represent the City in connection with administrative employment actions brought by or against him, he has failed to establish that there exists an actual or potential conflict which would require disqualification. Such matters are handled by a different area of the Law Department and the lawyers who have filed an appearance in this case have not had any dealings with those matters or any communications with attorneys handling those matters[5].

Finally, Officer Duffy alleges that he made confidential communications to counsel for the Law Department in connection with specified prior incidents which have been the subject of internal police department investigations. He further alleges that his internal affairs file is missing. The Court if somewhat perplexed by the Officer Duffy's argument as to how these circumstances create an inherent conflict which requires the Law Department's disqualification, but will do its best to accurately summarize his position. Essentially, Officer Duffy argues that because his internal affairs file is missing, counsel for the Law Department are the only source from which anyone could obtain his account of certain specified prior incidents involving fellow police officer(s) which have been the subject of internal investigations. He then argues that counsel may

---

[5] *See  Aff. of David M. Moore* attached to *Defs' Supp. Filing in Supp. Of Their Opp. And Cross-Mots. To Disqualify and Strike Submissions* (Docket No. 20); *see also Second Aff. Of David M. Moore* (Docket No.  26).

disclose such information to Chief Gemme and/or City Manager O'Brien during the course of this case. Officer Duffy believed that his communications with the Law Department would be confidential, and he does not want the information so disclosed.

In response to a question by the Court, the Law Department attorney confirmed that Chief Gemme would have access to any disciplinary files concerning Officer Duffy or any other officer who has been the subject of a complaint or disciplinary proceeding (that is, the information would not be confidential *vis a vis* Chief Gemme). The attorney for the Law Department represented that Officer Duffy's "file" had not been misplaced, rather, the Bureau of Professional Standards does not index complaints/disciplinary matters by name of the officer. The Law Department has provided the Court for *in camera review*, copies of the alleged information regarding complaints/disciplinary proceedings concerning Officer Duffy and contrary to Officer Duffy's assertion, it is clear that the Bureau of Professional Standards has copies of all relevant documentation regarding complaints/disciplinary proceedings concerning him. Therefore, his concern that counsel for the Law Department would be compelled to disclose his confidential communications is misplaced.

On the record before me, I find that Officer Duffy has failed to establish that there is any actual or potential conflict of interest that warrants disqualification of the Law Department from representing City Manager O'Brien, Chief Gemme and/or the City. I will now address the City's cross motion to disqualify Attorney Duffy.

### **The City's Cross-Motions to Disqualify and Strike Submissions**

In response to the Law Department's cross-motions to disqualify Duffy's counsel and strike his submissions, Officer Duffy alleges the Law Department has violated Rule 1.7 by

attempting to represent Officer Duffy and the City, Gemme, City Manager O'Brien and Officer Candeleria simultaneously in the underlying suit. More specifically, that the adverse interests of Officer Duffy on the one hand, and the City, Gemme, and City Manager O'Brien on the other, creates an inherent conflict of interest which precludes their common representation. Furthermore, Officer Duffy has not consented to joint representation and has made it clear that he will not consent to being represented by the Law Department.

Where possible conflict arises within the context of an ongoing proceeding, the shaping of the conflict's contours will depend on the legal and strategical feasibility of the claims or defenses that, if raised, could create actual adverse positions between Officer Duffy and the remaining Defendants, in particular, the City. To the extent that the defense of any individual Defendant is adverse to that of the City, such individual Defendant is entitled to independent representation paid for by the City. At present, Officer Duffy has failed to establish that his interests and the City's interests are adverse. On the contrary, with respect to the motion to dismiss filed by the Law Department on behalf of all Defendants, the City argues that Officers Duffy and Candeleria were both acting within the scope of their duties. Should the City continue to take this position, then it would be liable for any damages awarded as the result of Officer Duffy's conduct in accordance with Mass.Gen.L. Ch. 258, §2. The City has also acknowledged that pursuant to Mass.Gen.L. Ch. 258, §9, it has obligated itself to indemnify Officer Duffy for his intentional torts and/or civil rights violations. Finally, no disciplinary proceedings are pending against Officer Duffy in connection with the events underlying Eave's Amended Complaint, and from the record before me, it does not appear that there is a present likelihood that any disciplinary proceedings

will be initiated against Officer Duffy[6]. With this background, I find that there is no actual conflict of interest which would disqualify the City from representing Officer Duffy in this case. The question now becomes whether Officer Duffy must permit the Law Department to represent him.

The City argues that pursuant to Mass.Gen.L. ch. 258 § 6, the Law Department is obligated to represent municipal employees in connection with claims asserted against them for actions taken during the scope of their employment. At the same time, Officer Duffy cites a decision by the Committee on Professional Ethics of the Massachusetts Bar Association, which echoes the substance of Rule 1.7: "The attorney may appear on behalf of both the officer and the town only if it is obvious that he can adequately represent the interests of both, and only if he obtains the consent of each after full disclosure of the risks of joint representation." Mass. Bar Ass'n Comm. on Prof. Ethics, Op. 2 (1986)(emphasis added). The Committee bases its finding in part on the ABA Model Code of Professional Responsibility Disciplinary Rule 5-105(C), which states that "[i]n the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each." Model Code of Prof'l Responsibility DR 5-105 (1980).

That the ethical canons and professional rules adopted by the Supreme Judicial Court of Massachusetts suggest that even where the interests and arguments of co-defendants are perfectly

---

[6] If disciplinary proceedings were currently pending against Officer Duffy as the result of the underlying incident, there could be an actual conflict which would require separate representation. Therefore, should it become apparent at any point during the proceedings that disciplinary action against Officer Duffy is being contemplated, the Law Department will obviously have to re-evaluate whether it can continue to represent Officer Duffy. *See* note 6, *infra.*

aligned, a municipal attorney is still required to consult with co-defendants and obtain their informed consent to simultaneous representation does not compel a finding that the Law Department should be disqualified from representing Officer Duffy. As mentioned above, this Court has inherent authority to supervise attorneys before it; whether to disqualify counsel as the result of a technical violation of the Rules of Professional Conduct is a matter which remains committed to the sound discretion of the court, based on the unique facts of each case.

By its terms, Mass.Gen.L. Ch. 258 §6 mandates that the public attorney represent public employees in civil suits brought against such public employees: "[t]he public attorney *shall* defend all civil actions brought against a public employer or public employee of the commonwealth pursuant to this chapter". *Id.* (emphasis supplied). Where the municipality is legally obligated or has otherwise agreed to indemnify the public employee, there is a rationale basis for mandating that the public attorney represent such employee in such cases; any judgement against the public employee will be paid by the municipality and therefore, the municipality should control the litigation. Furthermore, in such cases, requiring that the officers and the municipality have separate representation would complicate the litigation process and increase the expense to the taxpayer. Under such circumstances, the officer can be deemed to have consented to the representation. Therefore, I find the Law Department is required to represent Officer Duffy in this action with respect to all claims brought against him in his official capacity, all claims brought against him under Chapter 258, and all claims as to which the City has acknowledged that it is obligated to indemnify him.

Finally, I have determined that at present, there is no actual conflict of interest which would disqualify the Law Department from representing Officer Duffy. However, as previously

discussed, the *potential* for conflict existed at the time suit was filed and will continue exist throughout the course of the proceedings. *See Dunton v. Cnty. of Suffolk*, 729 F.2d 903, 907 (2<sup>d</sup> Cir.1984)( "an attorney who represents both municipal and individual defendants may find that the interests of some defendants diverge so much from the interests of other defendants that the attorney cannot act as a zealous advocate for all."). Indeed, if at any point in the proceeding an actual conflict of interest were to develop between any of the Defendants it represents, the Law Department would be obligated to withdraw from representing such Defendant (for example, if in Officer Duffy's case, the City changes course and suggests that he was acting outside the scope of his duty).[7]

The Law Department is entitled to represent Officer Duffy in this matter, in the first instance, so long as its continued representation does not comprise its effective representation of all Defendants or create an impermissible conflict. At the same time, Officer Duffy is free to retain his own attorney to represent him in this matter with respect to claims against him in his individual capacity. However, assuming that no impermissible conflict arises with regards to the Law Department's representation of him during the course of these proceedings, the City will not be required to reimburse him for his attorney's fees and expenses. Furthermore, Officer Duffy

---

[7] The statute places the responsibility to determine a conflict of interest in the hands of the public attorney. Mass. Gen. L. Ch. 258 § 2; *see also Filippone v. Mayor of Newton*, 467 N.E.2d 182, 187 (Mass. 1984)(SJC noted that the determination of a conflict "was entrusted to the city solicitor.") *Id.* The Law Department maintains that it will comply with the statute and should a conflict develop among any of the Defendants it represents, the City Solicitor will determine how to provide for legal representation. This Court will assume that the Law Department will adhere to its ethical obligation in this regard.

14

should be mindful of his continuing obligation to co-operate with the City, or he could be found jointly liable with the City with respect to claims brought under Chapter 258.

### The Cross-Motions To Strike

Since I have found that the Law Department shall represent Officer Duffy, his motion to strike the motion to dismiss on behalf of all Defendants is denied.  At present, I am allowing the City's motion to strike Officer Duffy's motion to dismiss. If, in accordance with this Order, Officer Duffy determines that he wants to retain an independent attorney (whether Attorney Duffy or some other attorney), then upon such  attorney's filing of an official notice of appearance, the Law Department shall withdraw its appearance on behalf of Officer Duffy, in his individual capacity.  Thereafter, Officer Duffy may re-file his motion to dismiss.

### Conclusion

It is hereby Ordered:

1. Motion To Dismiss Of Defendant Thomas C. Duffy (Docket No. 7) is *stricken* ;

2. Thomas C. Duffy's Motion to Strike Submissions Filed by the City of Worcester Law Department (Docket No. 9) is *denied*;

3. Thomas C. Duffy's Motion to Disqualify City of Worcester Law Department is *denied*; and

    4.      The City's Cross-motions To Disqualify And Strike Submissions (Docket No. 16) are allowed ***allowed*,** in accordance with this Order.

                                           **/s/ Timothy S. Hillman**
                                           TIMOTHY S. HILLMAN
                                           DISTRICT JUDGE