# United States Court of Appeals
## For the First Circuit

No. 13-1233

RICKY N. EAVES,

Plaintiff,

v.

CITY OF WORCESTER, a Municipal Corporation, ET AL.,

Defendants, Appellants,

THOMAS C. DUFFY,

Defendant, Appellee.

No. 13-8007

CITY OF WORCESTER, ET AL.,

Petitioners,

v.

THOMAS C. DUFFY,

Respondent.

Before

Lynch, <u>Chief Judge</u>,
Stahl and Thompson, <u>Circuit Judges</u>.

JUDGMENT

Entered:  March 29, 2013

The City of Worcester and other City defendants have filed an interlocutory appeal from a district court order on attorney disqualification motions.  The City and these defendants have also filed a petition for permission to appeal the disqualification order.  Defendant Thomas Duffy has filed a cross-petition for permission to appeal the disqualification order.

It is well-settled that an order on attorney disqualification is not a final judgment or immediately appealable under the Cohen collateral order exception.  See, e.g., Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 440 (1985) (holding that orders granting or denying attorney disqualification motions are not collateral orders subject to immediate appeal).  Disqualification orders are subject to interlocutory review only if they are certified pursuant to 28 U.S.C. § 1292(b) or via mandamus.  Id. at 435.

The district court did not certify the disqualification order for immediate appeal under 28 U.S.C. § 1292(b), and the parties have neither asked for nor shown the availability of mandamus relief.  See In re Bushkin Associates, Inc., 864 F.2d 241, 245 (1st Cir. 1989) (holding that order disqualifying counsel was not reviewable by mandamus).

Dismissed.  See 1st Cir. R. 27.0(c).

By the Court:
/s/ Margaret Carter, Clerk.

cc:
Hector Pineiro
Robert Scott
Emilio Torres-Requena
Wendy Quinn
David Moore
Peter Duffy