UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKY N. EAVES,<br>  Plaintiff<br>v.<br><br>THE CITY OF WORCESTER, a<br>Municipal corporation, WORCESTER<br>CITY MANAGER MICHAEL V. O'BRIEN,<br>WORCESTER CHIEF OF POLICE GARY<br>J. GEMME, JESUS CANDELARIA, and<br>THOMAS C. DUFFY,<br>  Defendants | Civil Action No. 12-CV-10336-TSH |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR FACT DISCOVERY

Now come Defendants, City of Worcester (City), Michael V. O'Brien, Gary J. Gemme, Jesus Candelaria and Thomas C. Duffy (hereinafter, Defendants), and hereby oppose Plaintiff's Motion to Extend Deadline for Fact Discovery to December 15, 2014. (Document 90.)

Plaintiff's motion should be denied for failure to state sufficient good cause for the requested extension and Plaintiff's lack of diligence with regard to depositions. "A schedule may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), "supported by affidavits, other evidentiary materials, or references to pertinent portions of the records." Local Rule 16.1(G). Moreover, "the good cause test requires that the deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension." Cabana v. Forcier, 200 F.R.D. 9, 14 (D. Mass. 2001). A plaintiff's "lack of diligence" in prosecuting his claims "is not good cause for extending the discovery deadline." Cameron v. Drug Enforcement Administration, et al., 959 F. Supp. 92, 96 (D.P.R. 1997).

Plaintiff has failed to meet his burden to show sufficient good cause for an extension of the fact discovery deadline.

Plaintiff now seeks to conduct eight depositions in this case, over five months past the already extended deposition deadline and two months past the extended expert deposition deadline, but should not be allowed to do so because of Plaintiff's lack of diligence. The initial deposition deadline was set by the Scheduling Order for January 24, 2014. (Doc. 68.) Defendants noticed the deposition of the Plaintiff and subpoenaed witnesses Kerrie Deasey and Christina Page (occupants in the stopped motor vehicle) for depositions. When it appeared that these depositions were not going to go forward because of various scheduling conflicts and a pending motion for a protective order, Defendants were agreeable to an extension, and Defendants' counsel filed a Joint Motion for Extension of Deposition Deadline. (Doc. 81.) The Court extended the fact discovery deadline to May 9, 2014 in a February 11, 2014 order. (Doc. 83.) At a status conference on May 12, 2014, Plaintiff's counsel requested additional time to complete discovery, and the Court directed that a motion must be filed. (Doc. 84.) No motion was filed. **Plaintiff has never served deposition notices or subpoenas for depositions to individual witnesses in this case**. Plaintiff now seeks to depose seven individual police officer witnesses, despite the fact that it is now over five months past the extended deadline for depositions. Plaintiff has known the identities of these individuals since he filed suit in February of 2012, or at least since Defendants served automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in July of 2013. Plaintiff also seeks to depose Defendants' expert, although the expert was timely disclosed in July 2014, it is now two months past the extended August 8, 2014, deadline to depose Defendants' expert, and Plaintiff does not specifically request an extension of the expert deposition deadline in his motion. Further, Plaintiff does not set forth by affidavit,

evidentiary materials, or cites to the record, as required by Local Rule 16.1(G), why these depositions should proceed.  Plaintiff does not set forth sufficient good cause to warrant an extension, nor does he make any attempt to justify a lack of diligence on his part.

Defendants have decided that depositions are not necessary in this case, and plan to file a motion for summary judgment, arguing that Plaintiff has no reasonable likelihood of success of proving the merits of its claim that the police officers lacked probable cause for Plaintiff's arrest, which forms the basis for Plaintiff's federal constitutional claims of unreasonable search and seizure and common law claims for false arrest and malicious prosecution.[1]  The vehicle in which Plaintiff was riding had been the subject of multiple citizen complaints of drug activity, multiple "be on the lookout" announcements within the police department, Plaintiff was well known to police for criminal activity, including arrests for illegal narcotics, and evidence of illegal drug activity was in plain view inside the vehicle when it was stopped by police. Subsequent testing of the substances seized from the van and its occupants was positive for cocaine, morphine, heroin, oxycodone, buprenorphine (opiate derivative), methadone, and clonazepam.  Defendants expect to argue that summary judgment should enter in their favor that, based on the circumstances and factors known to the police, the stop of the motor vehicle, the order to exit the vehicle, the search of the vehicle and its occupants and the subsequent arrest of the occupants, including Plaintiff, was supported by probable cause and was reasonable and proper.

---

[1] The current deadline for dispositive motions is this Friday, October 17, 2014.  Following a decision on Plaintiff's motion to extend discovery, Defendants will move for an extension of the summary judgment deadline, recognizing that this pending motion impedes Defendants' ability to file the motion, as Plaintiff would likely oppose summary judgment on the grounds that additional discovery is needed.

WHEREFORE, Defendants hereby oppose Plaintiff's Motion to Extend Deadline for Fact Discovery, which should be denied.

          CITY OF WORCESTER,
          MICHAEL V. O'BRIEN, GARY J.
          GEMME, JESUS CANDELARIA, and
          THOMAS C. DUFFY,

          By their attorneys,

          David M. Moore
          City Solicitor

          */s/ Wendy L. Quinn*
          Wendy L. Quinn (BBO#653954)
          Kevin M. Gould (BBO #661545)
          Assistant City Solicitors
          City Hall, Room 301
          455 Main Street
          Worcester, MA  01608
          (508) 799-1161
          quinnwl@worcesterma.gov
          gouldk@worcesterma.gov

## CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that on this 15th day of October 2014, I served the within Defendants' Opposition to Plaintiff's Motion to Extend Deadline for Fact Discovery by providing a copy of the same to Plaintiff's counsel of record via the United States District Court's electronic notification system.

          */s/ Wendy L. Quinn*
          Wendy L. Quinn
          Assistant City Solicitor